# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **AMANDA BROUSSARD,** *individually and on behalf of a class of similarly situated persons,*<br><br>*Plaintiff,*<br><br>v.<br><br>**VALLEY SERVICING,**<br><br>*Defendant.* | Case No.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, **Amanda Broussard** ("**Ms. Broussard**"), on behalf of herself and all similarly situated individuals, by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Valley Servicing,** stating as follows:

## DESCRIPTION OF THE CASE

1. This is an action against Valley Servicing for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), the *Florida Consumer Collection Practices Act*, Section 559.55, Fla. Stat., *et seq.* ("**FCCPA**"), and for unjust enrichment.

2. Valley Servicing is a debt collector that regularly collects on behalf of online payday lenders which purport to be tribal in nature, and which charge annual interest rates that exceed 700%.

3. Valley Servicing, in furtherance of its collection efforts, regularly sends "Wage Assignment Demand Notices" to consumers' employers, claiming therein that the consumer has authorized their employer to withhold a portion of the consumer's wages for payment directly towards the balance of the payday loan.

4. These "Wage Assignment Demand Notices" are prohibited by Florida law, but frequently result in employers withholding money from consumers' paychecks as payment for debts which were unlawful upon origination pursuant to Florida law.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction for Plaintiff's federal claims arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. This Court may also exercise diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2) as the matter in controversy exceeds $75,000 and a member of a class of the plaintiffs is a citizen of a different state from the defendant.

8. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this cause of action occurred within Florida, including in this District and Division.

## PARTIES

### Ms. Broussard

9.  **Ms. Broussard** is a natural person residing in the City of Saint Petersburg, Pinellas County, Florida.

10. Ms. Broussard is a *Consumer* as defined by the FDCPA and the FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes, respectively.

### Valley Servicing

11. **Valley Servicing** is purportedly organized under the laws of the Oglala Sioux Tribe of the Pine Ridge Indian Reservation.

12. According to its website, Valley Servicing is a subsidiary of the Wakpamni Lake Community Corporation ("**WLCC**"), a corporation which claims to act as an arm of the Oglala Sioux Tribe of the Pine Ridge Indian Reservation.[1]

13. Valley Servicing is a *Debt Collector* as defined by the FDCPA and the FCCPA, as it uses instrumentalities of interstate commerce, including the postal mail, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

---

[1] This claim has been disputed by other members of the Oglala Sioux, such as Arlene Catches the Enemy, the Development Manager at the Oglala Sioux Tribe Office of Economic Development, in various interviews given to news media. Nicholas Nehamas, *The Tribe That Said No: How One Rogue Tribal Member Tried To Drag The Oglala Sioux Into Payday Lending*, Al Jazeera America, June 18, 2014, http://projects.aljazeera.com/2014/payday-nation/sioux-tribe-payday.html.

# FACTUAL ALLEGATIONS

14. On or about October 13, 2020, Ms. Broussard purportedly obtained an online payday loan in the amount of $875 (the "**Loan**").

15. The Loan charged an annual interest rate of 769.21%, requiring Ms. Broussard to repay a total of $6,809.64.

16. Ms. Broussard thereafter fell behind on payments towards the Loan, after which a balance of $1,539.79 was alleged owed (the "**Debt**").

17. Ms. Broussard utilized the proceeds from the Loan for personal and household expenses, and thus, the Debt meets the definitions of *Debt* under the FCCPA, Fla. Stat. § 559.55(6), and the FDCPA, 15 U.S.C. § 1692a(5).

18. At some point after October 13, 2020, the Debt was assigned to Valley Servicing for collection, or Valley Servicing was otherwise hired to collect the Debt.

19. On March 30, 2022, Valley Servicing faxed a "Wage Assignment Demand Notice" to Ms. Broussard's employer, PSCU, Inc.

20. The Wage Assignment Demand Notice was a communication which stated the claimed balance owed on the Loan – $1,539.79 (the "**Debt**") – and sought payment.

21. The Wage Assignment Demand Notice was thus in connection with the collection of the Debt.

22. The Wage Assignment Demand Notice demanded that PSCU, Inc., withhold 15% of Ms. Broussard's pay and send it directly to the lender of the Loan.

23. In sending the Wage Assignment Demand Notice, Valley Servicing falsely represented that it had the legal right to garnish and/or assign a portion of Ms. Broussard's wages to an online lender.

24. Voluntary wage assignments on a consumer loan are not legal in Florida. *See* § 516.17, Fla. Stat. (2021).

25. Despite this, Ms. Broussard's employer withheld $419.22 from her wages and sent those funds via ACH to be applied to the Debt.

26. Further, Valley Servicing disclosed derogatory, legally-protected information about Ms. Broussard's purported Debt to her employer, without Ms. Broussard's authorization or consent.

27. As aforementioned, Valley Servicing claims to operate as an arm of the Oglala Sioux Tribe.

28. However, other than Valley Servicing, and a similar entity, Apex Servicing, every other WLCC-related business operates in Wakpamni Lake, South Dakota, on the Oglala Sioux's reservation.

29. Until recently, Valley Servicing claimed to operate in the Phoenix, Arizona metro area – more than 1,000 miles from the Oglala Sioux's reservation.

30. Valley Servicing also listed a Post Office box in Mesa, Arizona, as its mailing address and its website gave 3651 E. Baseline Rd., Suite E-130, Gilbert, AZ 85295 as its physical address.

31. Public records show the address is registered to Christian Miller Insurance Agency, LLC ("**Miller Insurance**"), an independent agent for State Farm Insurance.

32. Public records also show that Miller Insurance received a $5,320 Paycheck Protection Program ("**PPP**") loan in May 2020, and listed 3651 E. Baseline Rd., Suite E-130, Gilbert, AZ 85295 as its primary address.

33. The website of Valley Servicing lists its business hours as "6am-2pm PST," despite Arizona being in the Mountain Time Zone.

34. Thus, Valley Servicing has gone to great lengths to conceal its true identity and location.

35. Valley Servicing is not licensed as a consumer collection agency in Florida.

36. Valley Servicing knows that Wage Assignments are invalid under Fla. Stat. § 516.17, and that the collection of loans through Wage Assignment Demand Notices violates Florida law, as it has been sued previously for such conduct. *See, e.g., Juan Guevara v. Stanley Chao, ARB Risk Management Holdings, LLC, Apex Servicing, Valley Servicing, and Comet Loans,* Case Number 8:22-cv-00540 (March 8, 2022, M.D. Fla.).

37. Ms. Broussard has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of herself and all others similarly situated. All allegations herein are based on information and belief, except for those allegations that pertain to Plaintiff. Plaintiff's information and belief are based on, *inter alia*, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this consumer complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### The FDCPA Class

39. Plaintiff adopts and incorporate paragraphs 1 – 38 as if fully restated herein.

40. Pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (b)(4), Plaintiff brings this action for herself and on behalf of the following classes of which she is a member, initially defined as:

> **All consumers: (1) located in Florida; and (2) whose employer, within one year of the date of the filing of this complaint, received a "Wage Assignment Demand Notice" or similar notification, from Valley Servicing (the "FDCPA Class").**

41. Excluded from the FDCPA Class is the Defendant and any of its officers, directors, and employees.

42. Plaintiff reserves the right to modify or amend the *FDCPA Class* definition before the Court determines whether certification is appropriate.

43. **Numerosity. Fed R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all of them is impractical. Valley Servicing collects online payday loan debts for a variety of lenders. Class members are therefore spread throughout the State of Florida. Although the precise number of Class members is unknown, on information and belief, there are at least 500 members, the names and addresses of whom are identifiable through documents and business records maintained by the Defendant. The Class members may be notified of the pendency of this action by published or mailed notice.

44. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** There are questions of law and fact that are common to the FDCPA Class which predominate over questions affecting any individual class member. Specifically, these common questions include, without limitation: (a) whether the Defendant is a *Debt Collector* as defined by the FDCPA; (b) whether the Class members' alleged debts constitute *Consumer Debts*; (c) whether the Defendant violated §§ 1692c, 1692e and 1692f of the FDCPA by attempting to collect debts which were unenforceable and by sending a "Wage Assignment Demand Notice" to the Class members' employers; and, (d) whether Plaintiff and the Class members were harmed by the Defendant.

## The FCCPA Class

45. Plaintiff adopts and incorporate paragraphs 1 – 38 as if fully restated herein.

46. Pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (b)(4), Plaintiff brings this action for herself and on behalf of the following classes of which she is a member, initially defined as**:**

> **All consumers: (1) located in Florida; and (2) whose employer, within two years of the date of the filing of this complaint, received a "Wage Assignment Demand Notice" or similar notification, from Valley Servicing (the "FCCPA Class").**

47. Excluded from the FCCPA Class is the Defendant and any of its officers, directors, and employees.

48. Plaintiff reserves the right to modify or amend the FCCPA Class definition before the Court determines whether certification is appropriate.

49. **Numerosity. Fed R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all of them is impractical. Valley Servicing collects online payday loan debts for a variety of lenders. Class members are therefore spread throughout the State of Florida. Although the precise number of Class members is unknown, on information and belief, there are at least 500 members, the names and addresses of whom are identifiable through documents and business records maintained by the Defendants. The Class members may be notified of the pendency of this action by published or mailed notice.

50. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** There are questions of law and fact that are common to the FCCPA Class which predominate over questions affecting any individual

class member. Specifically, these common questions include, without limitation: (a) whether the Class members' alleged debts constitute *Consumer Debts*; (b) whether the Defendant violated § 559.72(9) of the FCCPA by attempting to collect debts which were unenforceable and by sending a "Wage Assignment Demand Notice" to the Class members' employers; and, (c) whether Plaintiff and the Class members were harmed by the Defendant.

### For All Classes

51. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member, which all arise from similar operative facts and are based upon the same legal theories. Valley Servicing collects online payday loan debts which were issued with interest rates that vastly exceed the maximum lawful rate. In its attempts to unlawfully garnish wages of consumers, Valley Servicing sends Wage Assignment Demand Notices directly to consumers' employers. Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class and has the same claims for statutory damages that she seeks for members of the Class.

52. **Adequacy of Class Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes and will fairly and properly protect the interests of the Classes. Plaintiff has retained experienced counsel who have litigated well over one thousand consumer cases under consumer protection statutes, including the FDCPA and the FCCPA. Plaintiff's counsel are competent

in the prosecution of class action litigation and intend to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Classes.

53. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual Class members. Under the totality of the circumstances, a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy. The Defendant's conduct described in this Complaint stems from common and uniform practices, resulting in systematic violations of the FCCPA and the FDCPA. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by the Defendant's conduct.

54. **Injunctive Relief Appropriate for the Defendants, Class. Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate because Defendant has and continues to act on grounds generally applicable to the Class, making appropriate injunctive relief with respect to Ms. Broussard and the Class members. Ms. Broussard and the putative Classes seek an injunction prohibiting the Defendant

from continued use of Wage Assignment Demand Notices and ordering the dissolution of the Defendant.

## COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e
**(Class Claim on behalf of the FDCPA Class against the Defendant)**

55. Plaintiff adopts and incorporate paragraphs 1 – 54 as if fully restated herein.

56. Valley Servicing violated § 1692e of the FDCPA when it used false and deceptive representations in connection with the collection of a debt, by falsely representing that it could collect an online loan in Florida through a "Wage Assignment Demand Notice," despite wage assignment being invalid in Florida.

57. Class members suffered actual damages in the form of money withheld from their paychecks as a result of the Defendant's violations of § 1692e.

58. Accordingly, the Defendant is liable to Ms. Broussard and each putative Class member for their actual damages, statutory damages of up to $1,000.00, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## COUNT II
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692f
**(Class Claim on behalf of the FDCPA Class against the Defendant)**

59. Plaintiff adopts and incorporate paragraphs 1 – 54 as if fully restated herein.

60. Valley Servicing violated § 1692f of the FDCPA when it used unconscionable and unfair means in connection with the collection of a debt.

Specifically, the Defendant attempted to collect online payday loans through use of a "Wage Assignment Demand Notice," sent directly to the borrower's employer, despite wage assignment being invalid in Florida.

61. Class members suffered actual damages in the form of money withheld from their paychecks as a result of the Defendant's violations of § 1692f.

62. Accordingly, the Defendant is liable to Ms. Broussard and each putative Class member for their actual damages, statutory damages of up to $1,000.00, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## COUNT III
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692c(b)
**(Class Claim on behalf of the FDCPA Class against the Defendant)**

63. Plaintiff adopts and incorporate paragraphs 1 – 54 as if fully restated herein.

64. Valley Servicing violated § 1692c(b) of the FDCPA when it communicated with Ms. Broussard's, and each Class member's, employer, through use of a "Wage Assignment Demand Notice," in connection with the collection of a debt.

65. Ms. Broussard, and each Class member, did not provide consent *directly* to Valley Servicing to communicate with their employer.

66. Valley Servicing was not given express permission by a court of competent jurisdiction to communicate with Ms. Broussard's, and each Class member's, employer through use of "Wage Assignment Demand Notice."

67. Valley Servicing's use of "Wage Assignment Demand Notices" was not reasonably necessary to effectuate a post-judgment judicial remedy.

68. Class members suffered actual damages in the form of money withheld from their paychecks as a result of the Defendant's violations of § 1692c.

69. Accordingly, the Defendant is liable to Ms. Broussard and each putative Class member for their actual damages, statutory damages of up to $1,000.00, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## COUNT IV
### VIOLATIONS OF THE FCCPA, FLA. STAT. § 559.72(9)
**(Class Claim on behalf of the FCCPA Class against the Defendant)**

70. Plaintiff adopts and incorporate paragraphs 1 – 54 as if fully restated herein.

71. Valley Servicing violated § 559.72(9) of the FCCPA when it attempted to enforce usurious online payday loans via "Wage Assignment Demand Notices" sent to Plaintiff's and the Class members' employers, therein asserting the legal right to collect the loans through wage assignment, when no such legal right exists in Florida.

72. The Defendant's actions were thus willful, intentional, and done for the express purpose of collecting from Plaintiff and Class members through illegal means, and profiting from it.

73. The Defendant knew of the illegality of their wage assignment notices, as the Defendant has had multiple prior lawsuits filed against it for substantially similar collection attempts and has gone to great lengths to conceal its identity and to claim immunity from prosecution under state law.

74. The Class has suffered actual damages in the form of money withheld from their paycheck, as a result of the Defendant's violations of Fla. Stat. § 559.72(9).

75. Accordingly, the Defendant is liable to Plaintiff and each putative Class member for their actual damages, statutory damages of up to $1,000.00, punitive damages, costs, and attorney's fees pursuant to Fla. Stat. § 559.77.

76. Plaintiff and the Class further seek injunctive relief against the Defendant, pursuant to Fla. Stat. § 559.77, prohibiting the continued use of Wage Assignment Demand Notices and ordering the dissolution of the Defendant.

## COUNT V
**VIOLATIONS OF THE FCCPA, FLA. STAT. § 559.72(4)**
**(Class Claim on behalf of the FCCPA Class against the Defendant)**

77. Plaintiff adopts and incorporate paragraphs 1 – 54 as if fully restated herein.

78. Valley Servicing violated § 559.72(4) of the FCCPA when it communicated with Ms. Broussard's, and each Class member's, employer, through use of a "Wage Assignment Demand Notice," in connection with the collection of a debt and prior to any judgment being entered on any such debt.

79. Valley Servicing did not obtain express permission from Ms. Broussard or the Class to contact Ms. Broussard's, or each Class member's, employer, after assignment of the debt.

80. The Defendant knew that communicating directly with the Class members' employers, without prior consent obtained after assignment, for purposes of collection, was illegal.

81. The Defendant's actions were thus willful, intentional, and done for the express purpose of collecting from Plaintiff and Class members through illegal means, and profiting from it.

82. The Class members have suffered actual damages in the form of amounts withheld from their paychecks as a result of the Defendant's violations of Fla. Stat. § 559.72(4).

83. Accordingly, the Defendant is liable to Plaintiff and each putative Class member for their actual damages, statutory damages of up to $1,000.00, punitive damages, costs, and attorney's fees pursuant to Fla. Stat. § 559.77.

84. Plaintiff and the Class further seek injunctive relief against the Defendant, pursuant to Fla. Stat. § 559.77, prohibiting the continued use of Wage Assignment Demand Notices and ordering the dissolution of the Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court enter judgment on behalf of herself and the Classes she seeks to represent, and against the Defendant, for:

a. Certification for this matter to proceed as a class action;

b. An award of actual, statutory, and punitive damages as pled herein;

c. Injunctive relief as pled herein;

d. An award of pre-judgment and post-judgment interest as provided by law;

e. An award of attorneys' fees, litigation expenses, and costs of suit;

f. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Ms. Broussard hereby demands a jury trial on all issues so triable.

Respectfully submitted on **November 17, 2022,** by:

**SERAPH LEGAL, P. A.**

*/s/ Brandon D. Morgan*
Brandon D. Morgan, Esq. (FBN: 1015954)
Bryan J. Geiger, Esq. (FBN: 119168)
Thomas M. Bonan, Esq. (FBN: 118103)
Bridget L. Scarangella (FBN: 1022866)
Carolyne Moomaw (FBN: 21889)
Philip R. Goldberg (FBN: 105940)
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
BMorgan@SeraphLegal.com
BGeiger@SeraphLegal.com
TBonan@SeraphLegal.com
BScarangella@SeraphLegal.com
CMoomaw@SeraphLegal.com
PGoldberg@SeraphLegal.Com
*Attorneys for Plaintiff*